Turcotte:, p.j.
The City’s complaint alleged a sum due it from the defendants as the result of an agreement, or on the theory of quantum meruit. The trial judge found for the City in the amount of $2788.00 in quantum meruit.
The judge found that after a vote of the City Council authorized the mayor to apply for funds he did so, and the city received a grant from a department of the United States Government for the restoration of Eagle Street. These funds were used along with funds from the Massachusetts Historical Commission and funds from each private owner of parcels who participated in the “Eagle Street Project” to rehabilitate and restore property that *47 qualified as a historical site or landmark. The defendants owned two parcels on Eagle Street, only one however, qualified. The defendants wrote a letter to the mayor of the city agreeing to assume 100% of the cost of restoring the non-qualifying parcel in consideration of the city restoring both and providing oversight of the work to restore both parcels.
The city substantially caused the work to be done on the non-qualifying parcel without providing oversight. The judge found the value of the work caused to be done by the city on the non-qualifying parcel as $2788.00 which sum the defendants have failed to pay to the city.
Both parties filed requests for rulings of law and the judge acted on the requests of the prevailing party as well as those of the defendants. The judge denied eight of the defendants’ fifteen requests, and allowed all but one of the plaintiffs nine requests. The defendants claim error on the part of the judge in the denial of their requests and by the allowance of four of the requests of the plaintiff. The defendants’ brief did not argue the claimed errors of the judge, nor did they argue these errors orally. Where errors claimed are neither argued orally or by brief, they may be treated as waived.[2] We do so in this case.
The defendants’ brief argued that there were “issues created by the trial justice’s denial of their request for rulings . . . and the allowance of the plaintiffs request for rulings. .. .” Defendants argue the city should not recover since it acted outside its statutory authority in improving defendants’ private property; and even if within statutory authority it failed to contract for the work in accordance with the law. These two points were argued by the plaintiff as well as the defendants. We will now treat these issues as if the defendants had requested a ruling from the judge in accordance with their contentions, and as if he had denied those requests. We consider the defendants’ arguments and we also illustrate that most cases do not require large numbers of requests for rulings to determine whether the trial judge acted in accordance with applicable law.
Cities have only such powers “as are confered by express terms or necessary implication of statute; they have no inherent powers.” RANDALL AND FRANKLIN, MUNICIPAL LAW, MASSACHUSETTS PRACTICE, VOL. 18, §11. “Several prerequisites must be in place before a municipality can be said to have entered into a valid contract. First among those is an underlying authority in the municipality to make the contract.” Massachusetts Gen. Hosp. v. City of Revere, 385 Mass 772 (1982). The judge was correct in finding that the City of North Adams had such authority in this case. G.L. c. 44, § 53A provides in part: “An officer or department of any city may accept grants . . . from the Federal government. . .. and may expend such funds for the purpose of such grant.” The argument that is authorized to expend on a qualifying parcel that it could not expend funds on a non-qualifying parcel is not persuasive. One method to receive the participation of an owner of a qualifying parcel was to restore the owner’s non-qualifying parcel upon his promise of 100% reimbursement of the funds expended on the non-qualifying parcel.
The judge was also correct in allowing the city to recover in quantum meruit even though the contract with the defendants did not comply with the provisions of G.L. c. 43, § 29 which states that all contracts made by any department board or commission over $2000.00 require the approval of the mayor, and also of the department head to be “affixed thereto.” Cases which *48 hold that persons furnishing materials or service to a city without a contract in accordance with this statute cannot recover in quantum meruit from the city do not apply in this case. In Lumarose Equipment v. City of Springfield, 15 Mass. App. Ct. 517, 521 (1983), the court stated the city could recover public monies paid to a private party where there had not been a compliance with G.L. c. 43, § 29. The court held that since there was no written approval of the mayor, the city was in the position that no contract was made or executed. The court further stated that although the city could defeat any action brought against it for breach of any of the supposed contracts or on any theory of contract implied in law, it nevertheless could recover monies unlawfully paid to a private party. It would follow that North Adams could recover monies unlawfully paid for a private party even if it were in a position that no contract was made or executed.
Report dismissed.

 Rule 64 (f), Dist./Mun. Cts. Rule Civ. P. ... “The Appellate Division need not pass upon questions or issues not argued in briefs.”....